UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA
*ex rel*. JACQUELINE CUSHING,

Plaintiffs, Case No. 8:19-cv-2997-T-33TGW

v.

RAJEN SHAH;
TOMOKA MEDICAL LAB, INC;
GOLDEN RULE MANAGEMENT, LLC;
TENNESSEE VALLEY REGIONAL
LABORATORY, LLC; LUMINUS
DIAGNOSTICS, LLC; and
UNITED DIAGNOSTICS, LLC

Defendants.
_____________________________________/

**JOINT MOTION FOR PROTECTIVE ORDER**

Plaintiff, the United States of America, and the Defendant Rajen Shah, jointly move for a protective order authorizing Mr. Shah and his prior counsel, Mark Thomas, to permit the production of all attorney-client communications relevant to the issues raised in Mr. Shah's Motion to Vacate Final Default Judgment. In support of the requested relief, the parties state:

1. Defendant Rajen Shah filed a Motion to Vacate Final Default Judgment (Doc. 99) ("Motion to Vacate") on October 2, 2024.

2. The Motion to Vacate includes attorney-client communications, including several emails, between Mr. Shah and his prior counsel, Mark Thomas. (*Id.*

at 99-2-6).

3. The production of attorney-client communications shall be limited strictly to those communications directly relevant to the issues raised in the Motion to Vacate Final Default Judgment (Doc. 99). Any communications unrelated to the Motion to Vacate shall remain protected and exempt from disclosure under this Order.

4. A protective order permitting production of attorney-client communications in this matter is consistent with both federal law and the Florida Rules of Professional Conduct.

5. The disclosed attorney-client communications produced under this Order shall be used solely for purposes of this litigation and may not be used in any other proceedings or contexts without express authorization from the Court.

6. The United States has conferred with Mr. Thomas, who states he consents to the requested relief.

## ARGUMENT

"[D]istrict courts are entitled to broad discretion in managing pretrial discovery matters" *Perez v. Miami–Dade Cty.*, 297 F.3d 1255, 1263 (11th Cir. 2002). A Court may invoke its broad discretion to protect the disclosure of information because "appropriate protective measures, 'encourage the maximum participation in the discovery process [and] conserve judicial resources.'" *In re Alexander Grant & Co. Litig.*, 820 F.2d 352, 357 (11th Cir. 1987). To that end, the parties may request the Court order a restriction on access to sensitive discovery materials under FED.

R. CIV. P. 26. Pursuant to Federal Rule of Civil Procedure 26(c)(1), parties may move for a protective order when good cause is shown. Good cause exists where there is a "sound basis or legitimate need to take judicial action." *In re Alexander Grant & Co. Litig.*, 820 F.2d at 356.

As noted above, the Motion to Vacate raises issues pertaining to the attorney-client privilege. The attorney-client privilege can be waived: "(1) when a client testifies concerning portions of the attorney-client communication, (2) when a client places the attorney-client relationship directly at issue, and (3) when a client asserts reliance on an attorney's advice as an element of a claim or defense." *Cox v. Adm'r U.S. Steel & Carnegie*, 17 F.3d 1386, 1418 (11th Cir. 1994) (*quoting Sedco Int'l S.A. v. Cory*, 683 F.2d 1201, 1206 (8th Cir. 1982))

The attorney-client privilege may also be waived when a client testifies concerning portions of the attorney-client communication. *Lockheed Martin Corp. v. L–3 Commc'ns Corp.*, 2007 WL 2209250, at *5 (M.D. Fla. July 29, 2007) (*citing Cox.* at 1386). Generally, disclosing attorney-client communications to a third-party results in a waiver of the attorney-client privilege. *See In re M & L Bus. Mach. Co., Inc.*, 161 B.R. 689, 693 (D.Colo.1993) ("the attorney-client privilege is lost if the substance of the confidential communication is disclosed to a third-party, even inadvertently."); *Sedillos v. Bd. of Educ. of Sch. Dist. No. 1*, 313 F.Supp.2d 1091, 1093 (D.Colo.2004) ("the attorney-client privilege can be waived by [a]ny voluntary disclosure by the client of an otherwise privileged confidential communication"). Because confidentiality is key to the privilege, "[t]he attorney-client privilege is lost

if the client discloses the substance of an otherwise privileged communication to a third party." *United States v. Ryans*, 903 F.2d 731, 741 n. 13 (10th Cir.1990) (*citing United States v. Bump*, 605 F.2d 548 (10th Cir.1979)).

Thus, the United States contends that Mr. Shah waived the attorney-client privilege when he injected into the case an issue that now requires examination of otherwise protected communications. *Cox* at 1418–19 (11th Cir. 1994) ("it would be inequitable to allow [U.S. Steel] to present evidence tending to show that it intended to comply with the law, while allowing it to cloak in the privilege those documents tending to show it might have known its actions did not conform to the law.")

Likewise, the Florida Rules of Professional Conduct also authorize the disclosure of attorney-client communications in these situations. Rule 4-1.6(c)(4) states that "a lawyer may reveal confidential information to the extent the lawyer reasonably believes necessary to … respond to allegations in any proceeding concerning the lawyer's representation of the client[.]" *See also Adelman v. Adelman*, 561 So. 2d 671, 673 (Fla. 3d DCA 1990) (under Rule 4-1.6 (c)(2), client suing attorney for legal malpractice waived attorney-client privilege solely as to the malpractice action, and attorney could reveal confidential information relating to his representation only to extent necessary to defend himself).

All attorney-client communications disclosed under this Order shall be designated as 'Confidential' and shall not be accessible to the public or any party not directly involved in this litigation. The Parties agree to take all necessary measures to ensure that these communications are not disclosed outside the

parameters set forth in the Order.

Therefore, pursuant to Rule 26(c), Fed. R. Civ. P., the parties agree to the entry of a protective order containing the following provisions which shall govern the use of any documents and information disclosed pursuant to this Motion:

a. Defendant Rajen Shah has a Motion to Vacate Final Default Judgment (Doc. 99) ("The Motion to Vacate");

b. The Motion to Vacate raises issues directly related to communications between Mr. Shah and his prior counsel, Mark Thomas;

c. Mr. Shah waived the attorney-client privilege only as to the issues raised in his Motion to Vacate;

d. Mr. Shah and Mr. Thomas are authorized to produce to the United States any communications between them that relate to the issues raised in the Motion to Vacate;

e. The production of attorney-client communications shall be limited strictly to those communications directly relevant to the issues raised in the Motion to Vacate Final Default Judgment (Doc. 99). Any communications unrelated to the Motion to Vacate shall remain protected and exempt from disclosure under this Order.

f. The disclosed attorney-client communications produced under this Order shall be used solely for purposes of this litigation and may not be used in any other proceedings or contexts without express authorization from the Court.

g. All attorney-client communications disclosed under this Order shall be designated as ‘Confidential’ and shall not be accessible to the public or any party not directly involved in this litigation. The Parties agree to take all necessary measures to ensure that these communications are not disclosed outside the parameters set forth in this Order.

h. The parties shall not disclose any responsive document productions to any other person except where disclosure is reasonably necessary to the conduct of this litigation, which includes use at a trial, hearing, or deposition and disclosure to office staff, paralegals and experts;

i. By entering into this stipulation, the parties are not waiving any objections which they may be able to assert in this matter.

j. The Protective Order does not constitute a waiver of attorney-client privilege for any communications beyond those expressly disclosed pursuant to this Order for the limited purposes of addressing Mr. Shah’s Motion to Vacate

## CONCLUSION

Accordingly, for the reasons discussed above, the parties jointly move the Court to enter a proposed Stipulated Protective Order.

Respectfully submitted,

ROGER B. HANDBERG
United States Attorney

Dated: November 7, 2024 By: ***/s/ Sean P. Keefe***
SEAN P. KEEFE

Assistant United States Attorney
Florida Bar No.: 0413828
400 North Tampa Street, Ste 3200
Tampa, FL 33602
Telephone: (813) 274-6000
Facsimile: (813) 274-6200
Email: sean.keefe@usdoj.gov
*Counsel for the United States of America*

Jake C. Blanchard, Esq.
Blanchard Law, P.A.
8221 49th Street North
Pinellas Park, FL 33781
Phone: 727-531-7068
Fax: 727-535-2086
Email: jake@jakeblanchardlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 7th day of November, 2024, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will provide electronic service to all counsel of record.

***/s/ Sean P. Keefe***
SEAN P. KEEFE
Assistant United States Attorney