UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA
*ex rel.* JACQUELINE CUSHING,

Plaintiffs, Case No. 8:19-cv-2997-T-33TGW

v.

RAJEN SHAH;
TOMOKA MEDICAL LAB, INC;
GOLDEN RULE MANAGEMENT, LLC;
TENNESSEE VALLEY REGIONAL
LABORATORY, LLC; LUMINUS
DIAGNOSTICS, LLC; and
UNITED DIAGNOSTICS, LLC

Defendants.
_____________________________________/

**STIPULATED PROTECTIVE ORDER**

THIS CAUSE comes before the Court upon stipulation and agreement between the United States of America and the Defendant through undersigned counsel for the limited purpose of disclosure of certain attorney-client communications that are relevant to the Motion to Vacate Final Default Judgment (Doc. 99) ("Motion to Vacate") filed on October 2, 2024.

ORDERED AND ADJUDGED, based upon stipulation of the parties, this Court finds that:

a. Defendant Rajen Shah has a Motion to Vacate Final Default Judgment (Doc. 99) ("The Motion to Vacate");

b. The Motion to Vacate raises issues directly related to communications between Mr. Shah and his prior counsel, Mark Thomas;

c. Mr. Shah waived the attorney-client privilege only as to the issues raised in his Motion to Vacate;

d. Mr. Shah and Mr. Thomas are authorized to produce to the United States any communications between them that relate to the issues raised in the Motion to Vacate;

e. The production of attorney-client communications shall be limited strictly to those communications directly relevant to the issues raised in the Motion to Vacate Final Default Judgment (Doc. 99). Any communications unrelated to the Motion to Vacate shall remain protected and exempt from disclosure under this Order.

f. The disclosed attorney-client communications produced under this Order shall be used solely for purposes of this litigation and may not be used in any other proceedings or contexts without express authorization from the Court.

g. All attorney-client communications disclosed under this Order shall be designated as 'Confidential' and shall not be accessible to the public or any party not directly involved in this litigation. The Parties agree to take all necessary measures to ensure that these communications are not disclosed outside the parameters set forth in this Order.

h. The parties shall not disclose any responsive document productions to any other person except where disclosure is reasonably necessary to the conduct of this litigation, which includes use at a trial, hearing, or deposition and disclosure to office staff, paralegals and experts;

i. By entering into this stipulation, the parties are not waiving any objections which they may be able to assert in this matter.

j. The Protective Order does not constitute a waiver of attorney-client privilege for any communications beyond those expressly disclosed pursuant to this Order for the limited purposes of addressing Mr. Shah's Motion to Vacate.

Thomas G. Wilson

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE

DATED: November 12, 2024